EUGENE M. SAYERS, Assessor and Collector for that portion of the City of Wilmington south of Sixth Street, vs. THE WILMINGTON AND NORTHERN RAILROAD COMPANY, a corporation existing under the laws of the State of Delaware and Pennsylvania.

*Court in Banc—Case Stated—Railroad Corporation—Taxation;*
*Exemption from—Statute—Constitution—Repeal of*
*Statute—Inconsistent Acts.*

The act entitled "An Act Relating to Taxes for County and Municipal Purposes", passed at Dover, the 31st day of March, A. D., 1887, being *Chap. 241, Vol. 18, Laws of Delaware, Rev. Code 115*, exempting from county and municipal taxation certain real estate of railroad corporations, remains in force.

2. The said act has not been repealed by any subsequent act; it has not been rendered inoperative by *Section 1, Article 8 of the Constitution*; neither is it repugnant to or inconsistent with the Constitution.

3. The Constitution did not render inoperative and void existing statutes at the time of its adoption, and not inconsistent with it, but, on the contrary, such statutes were to remain in force until changed by future legislation, as expressly provided by Section 18 of the Schedule.

(*July 22, 1901.*)

LORE, C. J., and ASSOCIATE JUDGES SPRUANCE, GRUBB, PENNEWILL and BOYCE, sitting as a Court in Banc in New Castle County.

*Robert J. Harman* for plaintiff.

*Levi C. Bird* and *Andrew E. Sanborn* for defendant.

The following CASE STATED, (No. 152, Nov. Term, 1900) was agreed upon and filed :

1.   That the above stated action be docketed as of the November Term, A. D., nineteen hundred, with the same force and effect as if a summons had been regularly issued, served on the defendant, duly returned, and the appearance of the defendant duly entered.

2.   That the defendant, the Wilmington and Northern Railroad Company, is a corporation duly created by and organized under the laws of the States of Delaware and Pennsylvania, and by virtue of said legislation now owns and operates a line of railroad in the States of Pennsylvania and Delaware.

3.   That a part of said line of railroad, together with the several sidings and branches used and operated in connection with and appurtenant to its said main line, is located within the territorial limits of the Assessment and Collection District of the City of Wilmington, south of Sixth Street in the County of New Castle and State of Delaware as aforesaid, whereof the said Eugene ·M. Sayers, the plaintiff, is Assessor and Collector of Taxes.

4.  That the said defendant has by virtue of sundry acts of the General Assembly of the State of Delaware, acquired and succeeded to all the rights, privileges, powers and franchises granted to and conferred upon the " Wilmington and Brandywine Railroad Company," "The Delaware and Pennsylvania State Line Railroad Company," and "The Wilmington and Reading Railroad Company" by the various acts of the said General Assembly.

5.  That so much of the road-bed and right of way of the main line of said railroad, and the several sidings and branches thereof belonging to and operated by the said defendant corporation, as is located within the territorial limits of the said Assessment and Collection District of the said City of Wilmington, south of Sixth Street, has been assessed for city purposes by the said Assessor and Collector of Taxes for the present year A. D. nineteen hundred, at a valuation of one hundred and fourteen thousand and six hundred dollars, the said assessment not including any buildings erected in whole or in part within the limits of said right of way or road-bed; and certain real estate within the said Southern District, belonging to the said defendant corporation, has likewise been so assessed for like purposes for the same year, at a valuation of one hundred and eleven thousand dollars; and the Council of said City of Wilmington has laid and apportioned a tax upon said assessment at and after the following rates, to wit:    A tax at the rate of one hundred cents upon every one hundred dollars thereof, as and for a city tax, and a tax at the rate of forty cents upon every one hundred dollars thereof, as and for a school tax, making in the aggregate a tax at the rate of one dollar and forty cents upon every one hundred dollars of said assessment; that the said defendant preferred its petition to the Board of Assessment, Revision and Appeals for the said City of Wilmington before the last day of April, A. D. nineteen hundred, representing in substance that the said assessment of its road-bed and right of way was without authority of law, and requesting that the said assessment be stricken off the assessment list.    That notwith-

standing the aforesaid application, the said Board of Assessment, Revision and Appeals for the said City of Wilmington did not so correct its said assessment lists; and that the Council of Wilmington caused to be issued a duplicate of the said assessment list of the said Assessment and Collection District of the said City of Wilmington, south of said Sixth Street, containing the aforesaid assessment of its road-bed and other property unto the said Eugene M. Sayers, Assessor and Collector as aforesaid, with a warrant of the said Council annexed thereto, authorizing and directing the said assessor and collector to levy and collect the several taxes aforesaid, at and after the rates aforesaid from the said defendant corporation.

6.   That the said road-bed and right of way of the said defendant is essentially incident to the exercise and enjoyment of the franchise granted to and invested in it by the laws of the State of Delaware aforesaid, and that the right to have, use and occupy such rights of way as are properly necessary under the limitations and restrictions of its charter for the maintenance of its main line of railroad, and for the several sidings and branches thereof, are, in law and in fact, embodied in, and are part of the franchise granted to and conferred upon it by by the acts of the General Assembly aforesaid.

7.   That the General Assembly of the said State of Delaware passed on March 31st, A. D. 1887, (*Revised Code, 115*) an act entitled "An Act Relating to Taxes for County and Municipal Purposes," which said act is as follows, viz:

"SECTION 1.   That all the real estate of the Philadelphia, Wilmington and Baltimore Railroad Company, and of all other railroad corporations within this State, excepting, nevertheless, such real estate of each of the said corporations as shall be included within the limits of the rights of way, or road-beds of their respective lines of railroad, shall be subject to taxation and assess-

ment for county and municipal purposes in the same manner as other like property of individuals is subject thereto for like purposes, any provisions of any existing law or laws to the contrary notwithstanding. Provided, however, that any building erected in whole or in part within the limits of any such right of way or road-bed shall not, by reason of the exception herein made, be exempted for assessment and taxation, although the land upon which building shall be wholly or in part located, is by this act expressly exempted therefrom."

8. That the General Assembly of the State of Delaware has not enacted any law qualifying or limiting the provisions in this behalf of the said act of March 31st, 1887.

9. That no tax upon the road-bed and right of way of railroad corporations has ever been collected in the said State of Delaware.

10. That the said Eugene M. Sayers, Assessor and Collector as aforesaid, has made a demand on the said defendant for the payment of the sum of thirty-one hundred and fifty-eight dollars and forty cents, whereof the sum of sixteen hundred and four dollars and forty cents are rated and apportioned upon the sum of one hundred and fourteen thousand six hundred dollars, the valuation of the road-bed and right of way aforesaid; and whereof fifteen hundred and fifty-four dollars are rated and apportioned upon the sum of one hundred and eleven thousand dollars, the aforesaid valuation on certain real estate of the said defendant located within the Assessment and Collection District aforesaid, (which said sum of fifteen hundred and fifty-four dollars less the sum of seventy-seven dollars and seventy cents, the legal rebate thereof, has been paid by the defendant), and that the said Eugene M. Sayers, Assessor and Collector as aforesaid, insists on the payment of the said sum of sixteen hundred and four dollars and forty cents, rated and apportioned upon the sum of one hundred and fourteen thousand

and six hundred dollars, the valuation of the road-bed or right of way aforesaid, with the additional five per cent. added thereto equal to the sum of eighty dollars and twenty-two cents, making the aggregate sum demanded by said Assessor and Collector of the defendant for the tax on said road-bed the sum of sixteen hundred and eighty-four dollars and sixty-two cents, and will attempt to enforce the collection thereof by process of law.

11.   Section 1 of Article 8 of the Constitution of the State of Delaware is as follows, viz.:

"SECTION 1.   All taxes shall be uniform upon the same class of subjects within the territorial limits of the authority levying the tax, and shall be levied and collected under general laws, but the General Assembly may by general laws exempt from taxation such property as, in the opoinion of the General Assembly, will best promote the public welfare."

Section 4 of Article 9 of the said Constitution is as follows, viz.:

"SECTION 4.   The rights, privileges, immunities and estates of religious societies and corporate bodies, except as herein otherwise provided, shall remain as if the Constitution of this State had not been altered."

Section 18 of the Schedule of the said Constitution is as follows, viz.:

" SECTION 18.   All the laws of this State existing at the time this Constitution shall take effect, and not inconsistent with it, shall remain in force, except so far as they shall be altered by future laws."

12.   That if upon the facts above stated the Court shall be of the opinion that the said plaintiff has the right to collect from the defendant the said sum of sixteen hundred and eighty-four dollars and sixty-two cents assessed as aforesaid upon its said road-bed or right of way, judgment shall be entered for the plaintiff for the said sum of sixteen hundred and eighty-four dollars and sixty-two

SAYERS vs. W. & N. R. R. CO.          255

OPINION.

cents, besides costs of suit; but if the Court shall be of the opinion that the said plaintiff has not the right to collect from the defendant the sum of sixteen hundred and eighty-four dollars and sixty-two cents assessed as aforesaid, judgment shall be entered for the defendant for nominal damages and costs.

BOYCE, J., delivering the opinion of the Court:

The Superior Court in and for New Castle County, at the November Term thereof, A. D. 1900, considering the questions of law contained in the case stated, which was read and filed in said court on the twenty-second day of December, the same year, did, upon the joint application of the parties, direct that the same be heard by this Court.

The facts fully appear in the case stated.

The real question in controversy is whether or not the real estate of the defendant corporation, included within the limits of the rights of way and road-beds of the main line of the railroad, and the several sidings and branches thereof, belonging to and operated by the said defendant corporation, and located within the territorial limits of the assessment and collection district of the City of Wilmington, south of Sixth street, not including any buildings erected in whole or in part within the limits of such rights of way, or road-beds, is exempt from taxation for municipal purposes, under an act of the General Assembly, passed at Dover on the thirty-first day of March, A. D. 1887, entitled, "An Act Relating to Taxes for County and Municipal Purposes." (*Rev. Code, 115.*)

Much learning and ability are shown by the briefs of the respective counsel, and the arguments made at the hearing of this cause were interesting and instructive. Several important questions have been raised for our consideration, but it is quite manifest to the Court that it is unnecessary to consider more than the intent of the framers of the Constitution to be gathered from the language employed in Section 1 of Article 8 of the Constitution of 1897;

and the effect of Section 18 of the Schedule, thereto annexed, upon the exemption clause contained in the said act of Assembly.

Section 1 of said act, being all the body thereof, provides: — "That all the real estate of the Philadelphia, Wilmington and Baltimore Railroad Company, and of all other railroad corporations within this State, excepting, nevertheless, such real estate of each of the said corporations as shall be included within the limits of the rights of way, or road-beds of their respective lines of railroad, shall be subject to taxation and assessment for county and municipal purposes in the same manner as other like property of individuals is subject thereto for like purposes, any provisions of any existing law or laws to the contrary notwithstanding. Provided, however, that any building erected in whole or in part within the limit of any such right of way or road-bed shall not, by reason of the exemption herein made, be exempted from assessment and taxation, although the land upon which building shall be wholly or in part located, is by this act expressly exempt therefrom."

Section 1 of Article 8 of the Constitution provides: "All taxes shall be uniform upon the same class of subjects within the territorial limits of the authority levying the tax, and shall be levied and collected under general laws, but the General Assembly may by general laws exempt from taxation such property as in the opinion of the General Assembly will best promote the public welfare."

It is contended, in substance, on the part of the plaintiff that the exemption part of said section of the Constitution is prospective in its operation; that the constitutional provision itself does not exempt any property whatever subject to taxation; that it has had the effect to repeal all exemption laws existing at the time of the adoption of the present Constitution; and that since then, so far as exemptions are concerned, it has required affirmative action by the Legislature expressly exempting from taxation such property as in the opinion of the General Assembly will best promote

SAYERS vs. W. & N. R. R. CO.        257

OPINION.

the public welfare. It is true that the exemption part of said section of the Constitution was designed to operate prospectively, but we fail to see how it can be so construed as to render existing exemptions from taxation at the time of the adoption of the Constitution, nugatory. There is nothing in the language of the provision itself which evinces any intent on the part of the framers of the Constitution to abolish or withdraw the then existing exemptions. The right to make certain exemptions from taxation has always been recognized in this State as a right incident to legislative authority, and the exemption part of said constitutional provision, while expressly granting to the Legislature the authority by general laws to exempt from taxation such property as in their opinion will best promote the public welfare, is no more than a recognition in the organic law of a right which has existed here immemorially. And unless it should manifestly appear that the said constitutional provision was designed to operate upon existing exemption laws as a repeal thereof, we are without warrant to give the said provision a positive operation for the purpose of effecting such repeal. To give the said provision such a construction it should clearly and unmistakably appear from the language employed therein, or elsewhere in the Constitution, that it was the purpose of the framers thereof that it should operate as a repeal of existing exemptions. There seems to be a total absence of any such intent or design, and we may reasonably assume that if such had been the purpose of the members of the Convention, language fully expressive of such an intent would have been employed.

It is conceded that the exemption clause contained in the said Act of 1887 was not an excess of legislative authority under the old Constitution, and that it would be competent for the Legislature to pass the same act under the present Constitution. And there can be no doubt that this concession is true.

It is elementary that an act of the Legislature which is valid continues in force and operation until repealed by a subsequent act; and likewise that the courts may not pronounce an act of the

Legislature invalid, except it be plainly repugnant, either expressly or impliedly, to the fundamental law. We do not find that the said act of 1887 has been repealed by any subsequent act of the Legislature, but on the contrary it is admitted in the case stated that it has not been so repealed. We have already said that it was not repealed or rendered inoperative by Section 1 Article 8 of the Constitution. It only remains to inquire whether it is repugnant to or inconsistent with the Constitution. We have said in effect that it would have been competent for the Legislature at any time since the adoption of the the present Constitution to have re-enacted the act of 1887. And it seems to us quite obvious that if the existing statute may be re-enacted without violating some prohibition of the Constitution, either express or implied, then there is no repugnancy between the act and the Constitution. And this being so, the act is not unconstitutional, and not having been repealed it continues in full force and operation.

Again, the Constitution did not render inoperative and void existing statutes, at the time of its adoption, and not inconsistent with it, but on the contrary such statutes were to remain in force until changed by future legislation, as expressly provided by Section 18 of the Schedule, which reads: "All the laws of this State existing at the time this Constitution shall take effect, and not inconsistent with it, shall remain in force, except so far as they shall be altered by future laws.

The said act of 1887 not being inconsistent with the present Constitution, the said section of the Schedule alone preserved it and continued it in force, subject to the will of the Legislature.

The opinion of this Court, therefore, is that the act entitled "An Act Relating to Taxes for County and Municipal Purposes," passed at Dover, the 31st day of March A. D. 1887, being *Chapter 241, Vol. 18, Laws of Delaware, Rev. Code 115,* remains in force, and that by reason thereof the real estate of the defendant corporation, included within the limits of the rights of way and road-beds of the main line of the railroad, and the several sidings

SAYERS vs. W. & N. R. R. CO.        259

OPINION.

and branches thereof, belonging to and operated by the said defendant corporation, and located within the territorial limits of the Assessment and Collection District of the City of Wilmington, south of Sixth Street, not including any buildings erected in whole or in part within the limits of such rights of way, or road-beds, is exempt from taxation for municipal purposes under the said act, and that the plaintiff has not the right to collect from the defendant the amount of the tax set forth in the case stated.

It is ordered that this opinion be certified to the said Superior Court for New Castle County.