THE MAYOR AND COUNCIL OF WILMINGTON, a municipal Corporation existing under the Laws of the State of Delaware, *vs.* WILMINGTON MONTHLY MEETING OF FRIENDS, WEST STREET, a Corporation existing under the Laws of the State of Delaware.

(*April* 22, 1926.)

HARRINGTON and RICHARDS, J. J., sitting.

*Caleb S. Layton, City Solicitor*, for plaintiff.

*William S. Hilles* and *David J. Reinhardt* for defendant.

Superior Court for New Castle County, March Term, 1926.
No. 126, March Term, 1926.

HARRINGTON, J., delivering the opinion of the Court:

The question to be determined is whether certain real estate belonging to the Wilmington Monthly Meeting of Friends, West Street, the defendant, was properly assessed for taxes for the years 1924 and 1925 by the City of Wilmington, for municipal purposes.

While the defendant was not incorporated until 1915, it appears that the particular society then incorporated had been in existence for a great many years prior to that time and had owned and used the property in question for school purposes, since about the year 1784. It was incorporated under *Section* 2164, chapter 68

*of the Revised Code of* 1915, providing for the incorporation of religious societies.

*Sections* 2167 of the same chapter of the Code of 1915 defines the corporate powers of such societies and not only authorizes them to purchase, hold and enjoy "property, real and personal, for the use of the said society or congregation, their ministers or members," but also, authorizes such societies to purchase, hold and enjoy property for "schools, almshouses or burying grounds."

It is conceded that *Section* 1098, *Revised Code of* 1915, exempting certain real estate from assessment and taxation was enacted pursuant to *Section* 1, *Article* 8 *of the Constitution of* 1897, and that it applies to property located within the corporate limits of the City of Wilmington, which otherwise would be subject to taxation by the city for municipal purposes. *Mayor & Council of Wilmington v. Tower Hill School Association,* 2 *W. W. Harr.* (32 *Del.*) 277, 122 *A.* 442.

This section (1098, *Rev. Code* 1915) provides:

"All real * * * property, not belonging to the State, or the United States, or any County of this State, of any church or religious society, and not held by way of investment, or any college or school and used for educational or school purposes * * * except as otherwise provided, shall be liable to taxation and assessment for public purposes."

The defendant contends that it appears from the agreed facts that the property in question is exempt from assessment and taxation under this statute for two reasons:

1. Because it belongs to a church or religious society and is not held by way of investment.

2. Because it belongs to a school and is used for educational or school purposes.

■ It is true that the defendant, though incorporated as a religious society, has the power to hold property for school, as well as for religious purposes. The property assessed may, therefore, be considered as belonging to a religious society within the meaning of *Section* 1098, *Revised Code of* 1915, above quoted.

Considering the dual powers of the defendant corporation, it may, also, be considered as belonging to a school within the meaning of the same section of the Code of 1915. It is true that

the defendant's corporate name does not, on its face, indicate that it is in any sense a school, but the use of the property, and not the corporate name, of its owner is the material thing to be considered.

The words "not held by way of investment" do not appear in the statute in connection with the words "any college or school and used for educational or school purposes." The Court in Banc in this State has, however, construed these words to apply to this clause, as well as to property belonging to a church or religious society. *Mayor & Council of Wilmington v. Tower Hill School Assoc., supra.*

Whether, therefore, the property assessed and known as the Friends School be considered as property belonging to a church or religious society, or whether it be considered as belonging to a school, the solution of the question presented to us depends upon whether such property is held by way of investment.

In addition to the facts above stated, it appears from the agreed facts that the discipline or governing rules of the defendant corporation, among other things, provide:

"As the education of our youth in piety, virtue, and useful learning under the care of prudent, religious persons has ever been one of our important concerns, children being much influenced by their surroundings, it is renewedly desired that Quarterly, Monthly, and Preparative Meetings be incited to proper exertions for the institution and support of schools.

"It is, therefore, advised that where schools can be maintained, funds be raised in the meeting to aid in their establishment and support; that committees be appointed in Monthly or Preparative Meetings to have the oversight thereof, and that they employ teachers of our religious persuasion whenever practicable, who are not only capable of instructing the children in useful learning, but also of training them in the knowledge of their duty to God and toward one another."

It further appears that this same provision had appeared in the discipline or governing rules of the Society of Friends for approximately 100 years before its incorporation under the name now used by the defendant; that the school building on the property, assessed by the plaintiff, had been erected and had, also, been used and maintained solely for school purposes in conformity with the above provisions both long before and since the defendant became a corporate body.

It, also, appeared that the Friends School Building, though enlarged and changed from time to time, was erected solely for school purposes by means of gifts from certain charitably inclined persons; that its only source of income from the property assessed is and has always been from tuition fees paid by the students at the school erected thereon; that there have been annual deficits in the income derived from such school since it was established; that such deficits have been and are met by donations to the school funds by the defendant and by charitable persons through the defendant; that such school, therefore, is and has long been to a considerable extent carried on by donations; that the tuition fees paid for attending such school have been and are used solely for the payment of expenses incident to the conducting of such school, and that "no part thereof has been or can become a profit to, or be distributed among the officers, trustees, or members of this defendant."

Specific statements of the receipts and expenditures in the conduct of such school for the years 1921 to 1925, inclusive, also, show substantial deficits in income during those years.

From the above analysis of the agreed facts, it is evident that the school conducted by the defendant has not been and is not now being operated with any idea or expectation of profit to the defendant, and that the property in which it is now being conducted is, therefore, "not held by way of investment"; that being true, it is not subject to taxation by the City of Wilmington and judgment must be entered for the defendant.