JOHN B. SPARROW, M. F. McKEEL, SR., M. F. McKEEL, JR., W. H. ELLSWORTH, B. B. ROSS, R. P. FOWLE, R. LEE STEWART, FLAVIUS ALLIGOOD, H. H. McLEAN, JOHN A. MAYO, S. R. FOWLE, SR., S. R. FOWLE, JR., A. T. JENNETTE, FRANK C. KUGLER, F. H. ROLLINS, HENRY JONES, B. G. MOSS, J. A. CRAWFORD, J. A. BOWEN, JAMES BOWEN, HENRY RUMLEY, HENRY HODGES, CARL SHELTON, COLON McLEAN, R. LEE STEWART, JR., JAMES M. WILLIAMS, TRUSTEES OF THE FIRST PRESBYTERIAN CHURCH OF WASHINGTON, NORTH CAROLINA, v. BEAUFORT COUNTY AND D. O. MOORE, R. O. TARKINGTON, T. H. WHITLEY, JR., W. R. ROBERSON AND L. D. MIDGETTE, AS THE BOARD OF COMMISSIONERS OF BEAUFORT COUNTY, NORTH CAROLINA.

(Filed 29 April, 1942.)

**Taxation § 20—**

Property owned by a church and rented by it for commercial purposes, and the rent used for religious purposes, is not exempt from taxation. Constitution of North Carolina, Art. V, sec. 5, ch. 310, Public Laws 1939.

APPEAL by plaintiffs from *Williams, J.,* at February Term, 1942, of BEAUFORT. Affirmed.

This was a controversy without action, submitted on agreed statement of facts. The question at issue is the liability for *ad valorem* taxation of a store building owned by the Presbyterian Church of Washington, North Carolina. Plaintiffs, trustees of the church, contend that the property is exempted from taxation by ch. 310, Public Laws 1939, under authority of Art. V, sec. 5, of the Constitution.

From judgment that the property described was subject to taxation, plaintiffs appealed.

*John A. Mayo for plaintiffs, appellants.*
*E. A. Daniel for defendants, appellees.*

DEVIN, J. The parties to this controversy present the question of the liability of plaintiffs' property for taxation under an agreed statement of facts. From this statement it appears that the Presbyterian Church of Washington, North Carolina, acquired title to a certain lot of land under the will of Mary T. McCluer. The property was devised to the church for "the support of an Evangelist in this part of the State." Upon this lot has been erected a brick building, described as "located on Main Street, in Washington, North Carolina, and occupied as a department store by Whites Company, adjoining S. M. Mallison and others, which said store is used for commercial purposes." The property is rented for $250.00 per month. For the purpose of erecting the building plaintiffs, who are the trustees of the church, secured a loan of $15,000, and are repaying the loan in monthly installments of $200.00. After payment of fire insurance premiums the remainder of the rent is used for the support of an evangelist in this part of the State. As soon as the loan is retired the plaintiffs intend to maintain and support an evangelist for the full time to further the interest of the church. The defendant Board of County Commissioners has caused this property to be listed for taxation at the tax value of $16,500.

The ruling of the court below, holding that the property described is subject to *ad valorem* taxation, must be upheld under authority of *Odd Fellows v. Swain,* 217 N. C., 632, 9 S. E. (2d), 365; *Hospital v. Guilford County,* 218 N. C., 673, 12 S. E. (2d), 265; *Rockingham County v. Elon College,* 219 N. C., 342, 13 S. E. (2d), 618. The only constitutional basis for the exemption of real property from taxation is contained in Art. V, sec. 5, of the Constitution: "Property belonging to the State or to municipal corporations shall be exempt from taxation. The General Assembly may exempt cemeteries and property held for educational, scientific, literary, charitable or religious purposes." The second clause

of this section has been construed by this Court to mean that the permissive exemption from taxation is not perforce applicable to all property owned by educational, charitable or religious organizations, but only to property held for educational, charitable or religious purposes. The distinction is pointed out in *Harrison v. Guilford County*, 218 N. C., 718, 12 S. E. (2d), 269. The rationale of this construction of the language of the Constitution is succinctly expressed in *Odd Fellows v. Swain*, 217 N. C., 632, 9 S. E. (2d), 365, where it was said: "The power to grant exemption under authority of the second sentence of Art. V, sec. 5, which may be exercised in whole, or in part, or not at all, as the General Assembly shall elect, is limited to property held for one or more of the purposes there described. Property held for any of these purposes is supposed to be withdrawn from the competitive field of commercial activity, and hence it was not thought violative of the rule of equality or uniformity to permit its exemption for taxation while occupying this favored position. But when it is thrust into the business life of the community it loses its sheltered place, regardless of the character of its owner, for it is held for profit or gain. . . . It is not the character of the corporation or association owning the property which determines its status as respects the privilege of exemption, but the purpose for which it is held."

The judgment of the Superior Court is
Affirmed.