COMMISSIONERS OF LEWES, a municipal corporation of the
State of Delaware,
Plaintiff,

*vs.*

NORMAN JESTER, JOSEPH KOLLOCK, and FRANK DAWSON, composing
the Board of Assessment of Sussex County; LOUIS V. SPENCER,
the Receiver of Taxes and County Treasurer for Sussex County;
and CLARENCE LINGO, LEVI WARRINGTON, and VICTOR ADAMS,
composing the Levy Court of Sussex County,
Defendants.

THE CITY OF SEAFORD, a municipal corporation of the
State of Delaware,
Plaintiff,

*vs.*

NORMAN JESTER, JOSEPH KOLLOCK, and FRANK DAWSON, composing
the Board of Assessment of Sussex County; LOUIS V. SPENCER,
the Receiver of Taxes and County Treasurer for Sussex County;
and CLARENCE LINGO, LEVI WARRINGTON, and VICTOR ADAMS,
composing the Levy Court of Sussex County,
Defendants.

*Sussex, November 20, 1956.*

*James M. Tunnell, Jr.,* of Tunnell & Tunnell, Georgetown, for plaintiffs.

*Daniel J. Layton, Sr.,* and *H. Edward Maull,* Georgetown, for defendants.

MARVEL, Vice Chancellor: These actions, brought by municipal corporations against certain officers of Sussex County, seek primarily to enjoin defendants from levying and collecting taxes assessed against real property owned by the plaintiff corporations and their agents in Sussex County. Plaintiffs, who are the Commissioners of Lewes and The City of Seaford, contend that all of their real property is exempt from county taxation. Having voluntarily paid taxes assessed against their real property until the present tax year, plaintiffs also seek, as an incident to the equitable relief prayed for, the recovery of taxes paid by them to the County over the last five years. Each complaint names as defendants the members of the [1] Board of Assessment of Sussex County, the Receiver of Taxes and County Treasurer for Sussex County and the members of the Levy Court of Sussex County. The prayers of each complaint specifically seek to have enjoined the collection of 1956 taxes from plaintiffs by the Receiver of Taxes, the receiving of moneys representing such taxes by the Levy Court and an order directing the repayment of taxes so collected during the past five years. Because these two actions have a similar factual background and are concerned with a common question of law, one opinion

---

1. Plaintiffs appealed unsuccessfully in administrative proceedings from the action taken by the Board of Assessment of Sussex County in assessing most of their real property for tax purposes.

based on plaintiffs' motions for summary judgment will be filed. There being no material facts in issue, summary judgment may be appropriately entered in each case.

Although it is apparent from the depositions before me that only part of the municipally owned properties involved in these two cases is devoted to strictly governmental uses, the balance being held in a so-called proprietary manner, plaintiffs contend that all of their real estate is tax exempt. Defendants on the other hand argue that because tax exemption has not been expressly granted to municipalities in Delaware, all real property owned by the plaintiff corporations is taxable. Defendants concede, however, that a distinction has been noted between the tax status of municipal property used for purely governmental purposes as opposed to that held and used in a proprietary manner. As to the former or "City Hall" type of property they agree that there is [2] authority for its exemption from taxes but insist that the latter type of municipally owned property is clearly taxable.

Section 1 of Article 8 of the *Delaware Constitution, Del.C.Ann.,* which is the [3] basis for the taxation of property in this state reads as follows:

> "All taxes shall be uniform upon the same class of subjects within the territorial limits of the authority levying the tax, and shall be levied and collected under general laws, but the General Assembly may by general laws exempt from taxation such property as in the opinion of the General Assembly will best promote the public welfare."

Section 3 of Article 10 of the Delaware Constitution specifically exempts all public school property from taxation for public purposes and the Legislature in the exercise of its power to grant exemptions

2. Apparently the Board of Assessment of Sussex County accepts this distinction inasmuch as a small number of plaintiffs' properties have been declared tax exempt by that Board.

3. Earlier exemption statutes were not affected by the adoption of this section in the Constitution of 1897, *Sayers v. Wilmington & N. R. Co.,* 3 *Pennewill* 249, 49 *A.* 931.

has provided over the years for a wide variety of other exemptions. Such general and specific exemptions are collected and listed in § 1258 of the *Revised Code of Delaware,* 1935. These exemptions have been restated and brought up to date in the 1953 *Delaware Code* in § 8102 [4] through § 8108 of *Title 9 Del.C.* The sections here pertinent, namely § 8101 and § 8103, read as follows:

> "All real property situated in this State shall be liable to taxation and assessment for public purposes by the county in which the property is located, except as otherwise provided in this chapter." § 8101.

> "Property belonging to this State, or the United States, or any county of this State, or any church or religious society, and not held by way of investment, or any college or school and used for educational or school purposes, or any corporation created for charitable purposes and not held by way of investment, except as otherwise provided, shall not be liable to taxation and assessment for public purposes by any county or other political subdivision of this State." § 8103.

The first general tax exemption statute in Delaware was enacted in 1796 and appears in *Vol. 2, Laws of Delaware, Chap.* XCVIII, *p.* 1247. It reads as follows:

> "That all real and personal property in this state, not belonging to this state, or to the United States, or to any church, county religious society or parish, or to any college, or to any county school, or to any corporation for charitable uses, shall be valued agreeably to the directions of this act, and shall be chargeable according to such valuation with the public assessment."

In subsequent State Codes this section was readopted with minor changes and rearrangements of language until the adoption of the 1915 Code. In this Code the phrase "* * * and not held by way of investment * * *" appears in the section in two places, such lan-

---

4. *Section* 8102 generally exempts all personal property within the State from taxation by a county or other political subdivision, *Vol.* 42, *Laws of Delaware, Chaps.* 109 and 110.

guage having been added by a statute adopted in 1909, *Chap*. 36, *Vol*. 25, *Laws of Delaware*. More recently the exemption statute was put in its present form by the codifiers of the 1953 Code who added at the end of the section the phrase "* * * by any county or other political subdivision of this State * * *" in order, in their words, "* * * to give effect to actual operation of the statute."

Defendants take the position that the provisions of the Constitution of Delaware and the statutes having to do with the taxation of property in Delaware must be strictly construed. They contend that inasmuch as municipal real property has not been specifically exempted from taxation by the Legislature, it may be assessed and taxed. In support of this contention defendants submit that the Legislature having used the phrase "political subdivision" when it adopted § 8103 of *Title* 9, *Del.C.* in 1953, it must have had municipal corporations in mind. Defendants conclude that inasmuch as the present statute declares exempted property to be free of taxation by a "political subdivision," *i.e.,* a municipal corporation, but fails to provide tax exemption for the property of such corporations, such property is taxable by a county.

Plaintiffs' basic contention is that while they agree that the accepted rule is that tax exemption for private property must be specifically and clearly granted and may not be implied, *Mayor and Council of Wilmington v. Riverview Cemetery Co., 8 W.W.Harr.* 182, 190 *A.* 111, the rule is different as to public property. They contend that such property is inherently tax exempt and that it is immaterial whether such status is affirmatively set forth in a state constitution or act of the legislature. Plaintiffs point out that it is a general principle of the common law that property held for public use by the United States, a state or a municipal corporation (the latter being considered no more than an agent of the state) is presumptively outside of the operation of general tax laws, and that it may be reasonably assumed that only private property was within the contemplation of a legislature in enacting a general tax law, Dillon, *Municipal Corporations, Vol.* IV, § 1396. This does not mean that public property may not be taxed (provided constitutional provisions are not vio-

lated) if such is clearly provided for by the legislature, but it is considered unreasonable to assume, however general may be the statutory definition of taxable property, that public property held by the state, its counties and municipalities for public and governmental uses is intended to be taxed unless provision for such taxing is made in the clearest and most positive terms, Dillon, *Municipal Corporations, supra,* and Cooley, *Taxation, Vol.* 2, § 621, *p.* 1312.

In the light of the principle that municipally owned property held for public uses is presumptively exempt from taxation and the historic fact that the basic language of the general Delaware exemption[5] statute (which makes no mention of municipal corporations) was enacted in 1796 long before municipalities became property owners in the modern sense, I am of the opinion that the Delaware laws having to do with the taxation of real estate enacted prior to 1953 fail to evidence an intent that real property of municipalities devoted to public use in a governmental sense may be assessed and taxed by county authorities. Furthermore the insertion of the phrase "* * * by any county or other political subdivision of this State * * *" by the 1953 codifiers and the adoption by the Legislature of this language did not in my opinion change the meaning of the general exemption statute. I am satisfied that the 1953 Legislature merely adapted such statute to the actualities of its operation.

A more difficult problem is the determination of the tax status of that part of plaintiffs' real property which serves no governmental purpose, particularly that which is devoted to the[6] production and distribution of electricity and water to citizens of Lewes and Seaford. These operations admittedly make a profit and within defined limits the net earnings derived from these facilities are applied to the

5. In the case of *Trustees of New Castle Common v. Megginson,* 1 *Boyce* 361, 77 *A.* 565, the Supreme Court of Delaware gave to that part of the exemption statute having to do with "charitable uses" the broad meaning such words carried at the time of the enactment of the 1796 statute. The rationale of the decision would appear to support plaintiffs' contentions that the basic exemption statute should be broadly applied.

6. These activities to a limited extent in the case of Lewes involve the furnishing of water and electricity to people living outside of the town limits.

maintenance of other municipal properties such as streets, to the retirement of municipal bonds and in the case of the City of Seaford on at least one occasion were used to assist a volunteer fire company. There is also testimony in the depositions before me of ownership by plaintiffs of parcels of real estate which have not been formally dedicated to public use. There is no showing, however, that such property is rented out for private use.

Defendants argue strenuously that these alleged proprietary activities of plaintiffs have the aspect of a private or business undertaking and that the property so employed should carry its fair load of the County tax burden. They review many cases which have held such property to be tax exempt, pointing out that a large number of them were decided on the basis of statutes which clearly grant tax exemption to municipally owned property without regard to its use or under statutes which specifically exempt certain types of property uses. They stress the fact that such statutes do not exist in Delaware.

I conclude, however, in view of the broad basis of tax exemption for property held for public use or benefit implicit in the original Delaware exemption statute and the subsequent re-enactment of this section in substantially the same language until 1909, that all of plaintiffs' real property is exempt from county taxes unless the phrase "* * * and not held by way of investment * * *" (added by the 1909 statute) was intended to make taxable, profit making publicly owned properties such as municipal electric and water plants.

Were it not for the reading given to the 1909 statute by the Court in Banc in *Mayor and Council of Wilmington v. Tower Hill School Ass'n*, 2 *W.W.Harr.* 277, 122 *A.* 442, I would be inclined to hold that the phrase "* * * and not held by way of investment * * *" was not intended to apply to publicly owned property. Compare *City of Wilmington v. Wilmington Monthly Meeting of Friends*, 3 *W.W.Harr.* 180, 133 *A.* 88. Be this as it may, I am satisfied that insofar as the [7] taxation of real property is concerned, the statu-

7. Personal property, whether tangible or intangible, is, of course, generally tax exempt, § 8102, *Title 9, Del.C.* Any legislative plan to tax municipally owned utilities would have to deal with a substantial amount of personal property used in such operations.

tory language contained in the 1909 amendment while perhaps applicable to municipal real property privately rented at a profit, it does not apply to property used for public purposes, § 563, *Taxation, Vol. 51, Am.Jur.*

The necessity for express legislative sanction for the type of taxation, for which defendants now seek Court approval, is emphasized by the language of the Supreme Court of Delaware in *Wilmington Parking Authority v. Ranken*, 105 *A.2d* 614, 619. In the cited case Chief Justice Southerland speaking for the majority of the Court stated in reply to defendant's contention that because public funds may not be appropriated for a private purpose the use of public funds for an enterprise such as an off-street parking garage would be an unconstitutional expenditure.

> "The phrase 'public purpose' is not susceptible of precise definition, and it is not possible to adopt any rigid rule by which to determine whether a purpose or use is to be held public or private. *Gray,* [*Limitations of Taxing Power*] *op. cit., p.* 127. But it is clear that as public needs vary with the times and with changed conditions, some activity once thought to be strictly private may become a proper subject for public action or control. Sixty years ago no one would have suggested that a state-operated livery stable served a public purpose. At the present day, who can doubt that the grave problems created by the automobile, including parking, are a fit subject of public concern?"

Despite the changing concept of what is a public purpose, it has been held that when the earnings derived from the operation of municipally owned property are not merely incidental to a public use but are the direct result of an income producing purpose, such as a leasing out to a private athletic club, the municipal property so employed is taxable, *City of Cleveland v. Board of Tax Appeals*, 153 *Ohio St.* 97, 91 *N.E.2d* 480, 16 *A.L.R.2d* 1354. However, such a private enterprise has not been shown to exist in the cases at bar. I am of the opinion that all of the property here sought to be taxed is devoted to public use, that any income derived from such use is incidental and that accordingly such property may not be taxed by

Sussex County under the present Delaware laws governing the taxation of real estate in Delaware. Permanent injunctions in conformity with the prayers of the first cause of action pleaded in each complaint will be entered.

Inasmuch as it appears that plaintiffs have paid County taxes voluntarily until the present tax year and that the Legislature has made no provision for suit against the County for recovery of taxes improperly or illegally levied and collected, plaintiffs' second cause of action for recovery of taxes in each case will be dismissed, § 1167, *Taxation*, 51 *Am.Jur. p.* 1005, *Duncan v. Willits*, 4 *Pennewill* 493, 57 *A.* 369.

Orders on notice.