226 A.2d 825 (1967)
KAPPA ALPHA EDUCATIONAL FOUNDATION, INC., a corporation of the State of Delaware, Appellant,
v.
Francis E. HOLLIDAY, Ralph S. Keenan and Clifford Pryor, constituting the Board of Assessment of New Castle County, Appellees.
Supreme Court of Delaware.
February 1, 1967.
James F. Kruzinski, Wilmington, for appellant.
E. D. Griffenberg, Jr., Wilmington, for appellees.
WOLCOTT, C. J., and CAREY and HERRMANN, JJ., sitting.
*826 WOLCOTT, Chief Justice.
This is an appeal from a judgment of the Superior Court denying to Kappa Alpha Educational Foundation, Inc. (hereafter Foundation) an exemption from county taxation of land owned by it, No. 19 Amstel Avenue, Newark, Delaware, pursuant to 9 Del.C. § 8103.
The Foundation's charter, standing alone, qualifies it as a nonprofit corporation organized for charitable and educational purposes. Generally speaking, the charter provides that the Foundation shall provide various forms of assistance for male students in attendance at the University of Delaware. The only limitation on the class of beneficiaries of the charitable activities of the Foundation is that they be male students attending the University.
The members of the Foundation consist of persons who were members of the Beta Epsilon Chapter of the Kappa Alpha Order (hereafter Fraternity), a fraternity recognized by the University of Delaware. The Foundation's members must have graduated from the University of Delaware. Immediately upon graduation, the members of the Fraternity, ipso facto, become members of the Foundation.
The Foundation rents the premises, No. 19 Amstel Avenue, to the Fraternity. The rental is fixed each year at a meeting between officers of the Foundation and officers of the Fraternity. There has never been a written lease. The rent is paid to the Foundation by the Fraternity which, thereafter, rents its rooms to its members at an amount considerably less than the University of Delaware charges for its dormitory rooms.
The Foundation claims that one of its charitable purposes is the making available of low rental rooms to students, and that it does not require membership in the Fraternity from an occupant of a room. Since 1956, only five of the room occupants of the Foundation's property were not members of the Fraternity.
In addition, the Foundation grants scholarships in the form of grants to reduce rentals to students. Since 1962, nineteen of these scholarships have been granted and all recipients have been members of the Fraternity.
The annual rent agreed upon between the Foundation and the Fraternity has been used by the Foundation to reduce a substantial mortgage on the property, to pay operating expenses, and to provide the above-referred-to scholarships. In 1962, *827 out of a gross rental of $7,217, scholarships in the amount of $219 were granted. In 1963, out of a gross rental of $7,064, scholarships in the amount of $711 were granted. In 1964, out of a gross rental of $7,236, scholarships in the amount of $580 were granted.
The Foundation's claim for exemption from county real estate taxation is based upon 9 Del.C. § 8103, which is as follows:
"§ 8103. Property owned by governmental, religious, educational or charitable agency
"Property belonging to this State, or the United States, or any county of this State, or any church or religious society, and not held by way of investment, or any college or school and used for educational or school purposes, or any corporation created for charitable purposes and not held by way of investment, except as otherwise provided, shall not be liable to taxation and assessment for public purposes by any county or other political subdivision of this State."
Two contentions are made by the Foundation  first, that the Foundation is a charitable corporation and, in fact, is performing charitable functions and is thus entitled to the benefit of § 8103; second, that its property, No. 19 Amstel Avenue, is not held by way of investment.
We think our view of the second question presented is determinative of the appeal, and we therefore do not give an answer to the first contention made by the Foundation, but will assume that the Foundation is in fact a charitable corporation, and that its activities are such as to qualify as an actual charity.
We think No. 19 Amstel Avenue is a property held by the Foundation by way of investment. This holding automatically makes the property taxable under 9 Del.C. § 8103.
The facts which lead us to this conclusion are that the property has been leased to the Fraternity since 1946, with the Foundation collecting annual rent. The rental income thus collected has been used by the Foundation largely to pay off the mortgage on the property and, secondly, to provide funds for the so-called scholarships awarded by the Foundation. It is therefore obvious that over the years the rent charged by the Foundation has increased the equity of the Foundation in the property and that, ultimately, the Foundation will own the property free and clear of any mortgage. We think the conclusion inescapable, therefore, that this property is held by the Foundation as an investment and not as a property devoted to charitable purposes.
This conclusion is in accord with Mayor and Council of Wilmington v. Wilmington Monthly Meeting of Friends, 3 W.W.Harr. 180, 133 A. 88, which held that the fact that tuition was charged students to attend the Friends Monthly Meeting School did not destroy the School's exemption from city taxation because the premises sought to be exempt were actually used and occupied for educational purposes which was an exempt use, and that the Society of Friends received no rental for the premises devoted to educational purposes.
The case at bar differs wholly from the Friends case in that the Foundation actually receives rent for the premises, and the premises, themselves, are not wholly devoted to an exempt use under the statute. Cf. Sparrow v. Beaufort County, 221 N.C. 222, 19 S.E.2d 861.
For the foregoing reasons, the judgment below is affirmed.