The **STATE of Delaware**, upon the relation of the **SECRETARY OF the DEPART-MENT OF HIGHWAYS AND TRANS-PORTATION, Plaintiff,**

v.

**NEW CASTLE COUNTY, Defendant.**

Superior Court of Delaware,
New Castle.

May 21, 1975.

John G. Mulford, Theisen, Lank & Mulford, Wilmington, for plaintiff.

Joseph M. Bernstein, New Castle County Dept. of Law, Wilmington, for defendant.

## OPINION

BUSH, Judge.

The Department of Highways and Transportation of the State of Delaware has filed the case at bar against New Castle County seeking a declaratory judgment. The State seeks a ruling that the County is prohibited from taxing state lands notwithstanding their use.

The controversy over this matter has arisen from the County's implementation of the tax exemption power granted it by a 1971 amendment to Article VIII, Section I of the Delaware Constitution, Del.C.Ann. Previous to its amendment, Article VIII, Section I vested the tax exemption power in the General Assembly:

" . . . The General Assembly may by general laws exempt from taxation such property as in the opinion of the General Assembly will best promote the public welfare."

Under the authority of the previous Article VIII, Section I, the state legislature implemented 9 *Del.C.* § 8103 which explicitly excluded governmental property from taxation:

"Property belonging to this State, or the United States, or any county of this State . . . shall not be liable to taxation and assessment for public purposes by any county or other political subdivision of this State."

The 1971 amendment of Article VIII, Section I of the State Constitution, however, placed the tax exemption power in the hands of the individual county:

" . . . County Council of New Castle County and the Levy Court of Kent and Sussex Counties are hereby authorized to exempt from county taxation such property in their respective counties as in their opinions will best promote the public welfare."

As a result of this grant of authority, the New Castle County Council on August 27, 1974, enacted Ordinance 74–61 as its county tax exemption ordinance. The section relevant to the case at hand provides:

"Property owned by the United States, the State of Delaware . . . and used for governmental purposes, shall be exempt from all real property taxes."

Under guise of this ordinance, the County is seeking to tax lands acquired by the Department of Highways for advanced right-of-way purposes as published in the 1958 Transportation Plan of the State of Delaware which is authorized by 17 *Del.C.* § 147. The lands are not presently being used for highways and the State receives rentals from some of the parcels. It is this attempt by New Castle County to tax state lands which prompted this action.

It is the County's contention that the amendment of Article VIII, Section I of the Delaware Constitution conferred a broad power to provide such tax exemption as the county sees fit. As such, the enactment of Ordinance 74–61 by the New Castle County Council served to repeal previous state law (i. e., 9 *Del.C.* § 8103) on the matter of tax exemptions.

The State, on the other hand, raises the issue of sovereign immunity from taxation. In addition, it contends that the legislative intent in enacting the State Constitutional amendment to Article VIII, Section I went to the procedural aspects of tax exemptions and not the substance of the already existing exemption scheme. To buttress its point, the State points to the fact that 9 *Del.C.* § 8103 has never been repealed by the legislature and, thus, represents an intent to keep state property free from taxation by a subordinate government entity.

This Court must at the outset deal with the issue of whether sovereign immunity from local property taxation exists, and whether such immunity has been waived by the action of the General Assembly in amending Article VIII, Section I of the State Constitution.

■■ It is the settled law of Delaware that sovereign immunity from suit exists but that it may be waived by legislative action (*Del.Const.,* Art. I, § 9). The courts of Delaware have had numerous occasions to explore this area of the law and have made it clear that the waiver of sovereign immunity must be clear and express:

" . . . we think the doctrine of sovereign immunity is a part of the basic law of this State which may be waived solely by law enacted by the General Assembly." *Shellhorn & Hill, Inc. v. State,* 5 Storey 298, 187 A.2d 71 (1962) at 74.

Although Delaware courts have often explored the issue of a state's immunity from suit, *Shellhorn, supra., George & Lynch, Inc. v. State,* 5 Storey 158, 197 A. 2d 734 (1964). *Wilmington Housing Authority v. Williamson,* Del.Supr., 228 A.2d 782 (1967), *Raughley v. Dept. of Health and Soc. Services,* Del.Super., 274 A.2d 702 (1971), *Varity Builders v. Polikoff,* Del. Supr., 305 A.2d 618 (1973), and *Blair v. Anderson,* Del.Super., 314 A.2d 919 (1973), the case at bar appears to be one of first impression, since it deals with the state's immunity from taxation, not suit.

In deciding the basic question of whether the state is immune from local taxation, this Court first examined the history of 9 *Del.C.* § 8103 and its predecessors, Section 1258 of the Delaware Code enacted in 1935 and Section 1098 of the Delaware Code enacted in 1915. A statutory exemption of state property from taxation has been in existence since 1915. Moreover, previous to such legislation, no record could be found of the state submitting itself to local taxation.

An exemption of state property from taxation appears to be the almost universal rule in various jurisdictions of the United States. Such an exemption is usually expressed in a constitutional or statutory provision, yet it "is not dependent thereon, but rests on public policy and the fundamental principles of government." 84 C.J.S. *Taxation* § 200, p. 387. Tax statutes will not be construed to include government property unless "the legislative intention to include such property is plainly and clearly expressed." 71 Am.Jur.2d *State and Local Taxation* § 336, p. 647, and § 340, p. 649.

The state of Pennsylvania has had occasion to deal with the above principles of law in cases similar to the one at hand. In *Commonwealth v. Dauphin County,* 335 Pa. 177, 6 A.2d 870 (1939), the legislature had delegated the exempting power to the local level in a general manner and was confronted by an attempt to tax the real property of one of its agencies allegedly not being employed for "public use". The Pennsylvania Supreme Court held that the delegation to the municipality did not include the power to tax the state's property unless such power was explicit. The reasoning behind such a holding was enunciated thusly:

" . . . The legislators did not intend to upset the orderly processes of government by allowing the sovereign power to be burdened by being subjected to municipal taxes. Legislative enactments presumptively affect only private rights and do not embrace the rights of a sovereign unless the sovereign is explicitly designated or clearly intended . . . (citations omitted). From this general principle, the rule arises that a municipality cannot successfully tax state-owned property unless it points to a statute clearly authorizing it to do so." *Commonwealth, supra,* at 872.

The principles thus outlined above received further endorsement from the Pennsylvania Supreme Court in *Southwest Del. Co. Municipal Auth. v. Township of Aston,* 413 Pa. 526, 198 A.2d 867 (1964). The court reasoned that the imposition of a tax by one entity of the state upon another . . . "would, in effect, be a party demanding money and receiving payment from himself." *Supra* at 870.

This Court holds, therefore, that the State of Delaware is immune from local property taxation unless a specific waiver of such immunity can be shown.

The question then arises as to whether the state has expressly waived its immunity in this area. The County would have the broad language of Article VIII, Section I of the Delaware Constitution prevail. Yet, the above constitutional provision does not exist in a vacuum. The intent of the legislature in enacting the amendment, as well as the past history of tax exemptions in Delaware, should be examined.

9 *Del.C.* § 8001 et seq., sets forth the property tax scheme of counties in Delaware. · The essential scheme was left unchanged by the 1971 amendment to Article VIII, Section I of the State Constitution. This lends credence to the conclusion that the legislature intended merely a modification of tax exemption procedure, not a radical change in the substantive area of tax exemption. Noteworthy is the fact that the legislature has never repealed 9 *Del.C.* § 8103 which enunciated the sovereign's exemption from taxation. Additionally, the language of the constitutional amendment is general and contains no such express waiver of the sovereign's rights as has been held essential to constitute legislative abrogation of immunity. See *Shellhorn, supra,* and *Commonwealth, supra.*

Therefore, in view of the historical exemption of the sovereign from taxation in Delaware and the failure of the legislature to repeal 9 *Del.C.* § 8103, it is apparent that an express waiver of immunity from taxation is not present. There is no evidence of legislative intent to take so drastic a step as to waive its immunity from taxation. Although New Castle County Ordinance 74–61 attempts only to touch property not in the "public use" category the logic of the County's position, if upheld, is such that it would conceivably permit an ordinance taxing all state property within its borders. Such a result could not be countenanced in light of the historical background and legislative intent.

Motion of plaintiff State of Delaware granted.

It is so ordered.