The SILVERBROOK CEMETERY COMPANY, a Delaware Corporation, Petitioner below, Appellant,

v.

The BOARD OF ASSESSMENT REVIEW OF NEW CASTLE COUNTY, Respondent below, Appellee.

GRACELAWN MEMORIAL PARK, INC., a corporation of the State of Delaware, Petitioner below, Appellant,

v.

The BOARD OF ASSESSMENT REVIEW OF NEW CASTLE COUNTY, Respondent below, Appellee.

INTERSTATE CEMETERY COMPANY, Petitioner below, Appellant,

v.

The BOARD OF ASSESSMENT REVIEW OF NEW CASTLE COUNTY, Respondent below, Appellee.

Superior Court of Delaware,
New Castle.

Submitted Jan. 30, 1976.

Decided March 26, 1976.

Richard H. May, of Young, Conaway, Stargatt & Taylor, Wilmington, for appellants, The Silverbrook Cemetery and Gracelawn Memorial Park, Inc.

James M. Mulligan, Jr. and John R. Bowman, of Connolly, Bove & Lodge, Wilmington, for appellant, Interstate Cemetery Co.

William Annos, New Castle County Dept. of Law, Wilmington for appellee, The Board of Assessment Review of New Castle County.

Francis S. Babiarz, of Biondi & Babiarz, P.A. for Vincent F. Tartaglia, amicus curiae.

WALSH, Judge.

In separate appeals three corporations engaged in the operation of private cemeteries have questioned the authority of New Castle County to impose real estate taxes upon real property to which they hold title. The matters were originally heard before the New Castle County Board of Assessment Review (Board) and, from adverse rulings, the cemetery owners have appealed. Since these appeals present common questions of law they have been consolidated for disposition. The County has appeared in support of the assessments and Vincent F. Tartaglia, a taxpayer and a person knowledgeable in cemetery operations has sought and secured leave to appear as *amicus curiae* in support of the County's position.

The appellants, Silverbrook Cemetery Company (Silverbrook), Gracelawn Memorial Park, Inc. (Gracelawn) and Interstate Cemetery Company (Interstate) argue that for many years prior to the 1975 tax year they enjoyed tax exempt status by virtue of a State law which has not been diluted or diminished by County Ordinances which purport to authorize such taxation. Additionally, Silverbrook claims the benefit of a provision of its corporate charter granted by the General Assembly in 1895, specifically exempting its cemetery grounds and buildings from taxation. The County, while conceding that it has not sought previously to tax private cemetery owners, points to a recent amendment to the Delaware Constitution as releasing to it plenary authority to determine exemption from real estate taxation.

The legislative background of this controversy is extensive. The Constitution of 1897 provided in Article VIII, Section 1, that the General Assembly may by general laws exempt from taxation such property as in the opinion of the General Assembly will best promote the public welfare. But as early as 1857, the General Assembly had granted specific tax exemption to cemeteries and burial lots (11 Del.Laws, Chapter 376, § 5). The modern counterpart of the exemption is found in 9 Del.C. § 8104 which provides:

> "No real property owned and used by the organizations listed below or for the purposes stated below, except that which is held by way of investment, shall be liable to taxation and assessment for public purposes by any county or other political subdivision of this State.
>
> \*     \*     \*     \*     \*     \*
>
> Burial lots and cemeteries."
>
> \*     \*     \*     \*     \*     \*

In 1971, Article VIII, Section 1 of the Constitution was amended to read:

> ". . . County Council of New Castle and Sussex Counties and the Levy Courts of Kent [and Sussex] Count[ies] are hereby authorized to exempt from county taxation such property in their respective counties as in their opinion will best promote the public welfare. The county property tax exemption power created by this section shall be exclusive as to such property as is located within the respective counties . . . ."

This amendment made no reference to existing tax exemptions granted by the General Assembly under the prior form of Article VIII, Section 1, nor did the General Assembly expressly repeal § 8104.

In August, 1974, New Castle County Council enacted Ordinance No. 74–61, which became effective on July 1, 1975. The Ordinance is a comprehensive scheme for real property tax exemptions. Among other exemptions, it allows one for non-profit making cemeteries, a category into which the appellants concededly do not fall. Section 12.0 of the Ordinance states:

"Only that property in New Castle County which meets the requirements of this Ordinance shall be eligible for exemption from real property taxation. Any statute, ordinance or law, including but not limited to Ordinance No. 72–20, inconsistent with this Ordinance is hereby repealed."

The County on the strength of the Ordinance proceeded to assess land and buildings owned by the appellants. Upon receipt of notice of the proposed assessments each of the appellants filed a formal appeal for the purpose of asserting its claimed exemption. The Board denied the appeals on the same ground the County here asserts in support of the assessment—the 1971 Constitutional amendment coupled with Ordinance 74–61 impliedly, but effectively, repealed § 8104 and thereby removed appellants tax-exempt status.

■ Appellants place great reliance upon a long standing decision of this Court bearing upon the legislative right to exempt property from taxation. In *Sayers v. Wilmington & N. R. Co.,* Del.Super., 49 A. 931 (1901) the Court was asked to consider the effects of Article VIII, Section 1, as originally adopted, upon an 1887 act of the General Assembly which exempted all railroad right of way from taxation. The taxing authority had argued that the advent of Article VIII, Section 1, had re-

pealed pre-existing statutory exemptions making it necessary for the legislature to reinstate the claimed exemptions. In rejecting this argument the Court noted that an exemption once granted may not be deemed repealed in the absence of language which "clearly and unmistakably" evidences the legislative purpose. This holding is, of course, consistent with the familiar principle of construction that implied legislative repeal is not favored and the Court should, where possible, adopt a construction which retains the viability of the pre-existing law. *Kelley v. Mayor and Council of City of Dover,* Del.Ch., 300 A. 2d 31 (1972). The holding in *Sayers* is, however, not entirely applicable here. As the County notes, the 1971 constitutional amendment is an affirmative expression by the General Assembly that it will, henceforth, defer to the counties in the area of property tax exemption. In *Sayers,* the Court, in effect, held that the 1897 Constitutional provision preserved the *status quo.* Thus the central issue is whether the 1971 amendment had the effect of repealing existing exemptions or was it to be merely prospective in its application?

■ That the recent constitutional change is not deemed an *ipso facto* repealer of prior legislative acts in the area of tax exemption is supported by a recent decision of this Court holding that the amendment did not affect the exemption of state land under 9 Del.C. § 8103. *State, Etc. v. New Castle County,* Del.Super., 340 A.2d 171 (1975). The County concedes that a three year hiatus existed between the adoption of the constitutional amendment and the enactment of the County ordinance and that during this period the exemptions conferred by § 8104 continued in force. Implicit in that concession is the assertion that the passage of the Ordinance acted to repeal State law. While the principle of implied repealer, if established, may assist in attempting to reconcile inconsistent expressions of the General Assembly, this argument may not be applied to ex-

plain the conflict between State law and that of a political subdivision of the State. Inconsistency between legislative acts at different governmental levels are resolved in terms of sovereignty. *Mayor, Etc., of Wilmington v. Tower Hill School Ass'n.*, Del.Super., 122 A. 442 (1923). *State Etc. v. New Castle County, supra.*

■ Practical considerations as well as fundamental fairness mitigate against implied repeal of this State-conferred exemption of long standing. Each of the appellants has been engaged in the sale of cemetery lots for many years. Each maintains a perpetual care fund for the maintenance of occupied graves. Under State law, these funds calculated at one-tenth of gross sales price for each perpetual care lot, must be set aside, in trust, with the net income distributable for the "perpetual care and preservation of the burial lots". 12 Del.C. § 3554. The County taxing Ordinance makes no distinction between sold and unsold burial lots and, indeed, the assessments asserted in this case purport to cover total acreage. It would thus appear that perpetual fund deposits calculated on tax exempt burial lots would be insufficient to meet future tax charges attributable to these lots. Moreover, enforcement of tax assesments through sale of cemetery lands may run afoul of State law prohibiting the sale of cemetery lots for other purposes. 12 Del.C. § 3553; *Anderson v. Mount Zion Cemetery Association*, 40 Del. Ch. 442, 184 A.2d 86 (1962). This enforcement difficulty was a paramount consideration for upholding the exemption of former cemetery lands from sewer and paving assessments of the City of Wilmington in *Mayor, Etc., of Wilmington v. Cathedral Cemetery Co.*, Del.Super., 9 Terry 480, 106 A.2d 706 (1954).

■ This Court's determination that § 8104 has not been impliedly repealed does not conclude the question of appellants' exemption from property taxes. As previously noted, the appellants are all private profit-making corporations engaged in the sale and maintenance of burial lots. To this extent they differ from those cemetery owners, who also trace their exemption to § 8104 and § 8103, but who function as religious or charitable enterprises. Both § 8103 and § 8104 contain a specific limitation on the exemption conferred to the extent that both are limited to property "not held by way of investment." Counties and other political subdivisions of the State have been free since 1953[1] to tax cemeteries or burial lots which are held for investment purposes. That the counties have never sought to do so in the past does not necessarily preclude the assertion in the present case. In view of the fact that the County did not bottom its authority on § 8104 but upon the Ordinance, and since the matter was presented to the Board in a posture of testing the applicability of the Ordinance, the merit of a § 8104 assessment is not here established. Moreover, it is sufficient for present purposes to note that § 8104 does not provide an unconditional exemption to the appellants and that upon an appropriate record a reasonable assessment of investment property is sustainable.

■ Although Silverbrook claims the protection of its corporate charter for its claimed exemption, I conclude that its status is also controlled by § 8104 since the statute is later in time and, to the extent it limits the exemption to non-investment property, is a statement of legislative policy which overrides the broader exemption contained in a specific corporate

---

[1]. Prior to the 1953 Revised Code, the "non-investment" limitation appeared to apply only to property held by religious and charitable organizations. The 1953 codification consolidated various exemption statutes and extended the "non-investment" exclusion to

all owners and designated uses appearing in § 8104 including cemeteries and burial lots. Although this significant change was accomplished through statutory restructuring, it is, nonetheless, effective. *Monacelli v. Grimes*, Del.Supr., 9 Terry 122, 99 A.2d 255 (1953).

charter. Thus, for purposes of further proceedings all three appellants must look to § 8104, for the exemption they claim.[2]

Finally, Gracelawn asserts that the Board failed to exclude from its assessment, sold lots which have no remaining value to Gracelawn and thus Gracelawn's property is substantially overassessed. It is clear from a review of the record of the proceedings before the Board that Gracelawn, together with the other appellants, was laying the groundwork for an attack on the assessment Ordinance. Indeed, the Board took the same view of the matter. The record is thus not cast in terms of proper assessability but on the question of whether there should be any assessability. On remand, the County and the appellants are free to present such additional evidence as they deem appropriate on the question of what portion of appellants'. property is properly assessable under § 8104. The Court also expresses no opinion on the proper test of valuation except to note the obvious difficulty in attempting to assess sold lots and occupied gravesites. Other avenues of valuation more consistent with the nature of the investment are available for valuation purposes. *Fitzsimmons v. McCorkle,* Del.Supr., 214 A.2d 334 (1965).

In summary, this Court concludes that: (1) New Castle County Ordinance 74.61 did not serve to impliedly repeal 9 Del.C. § 8104; (2) the 1971 amendment to Article VIII, Section 1 of the Delaware Constitution did not remove tax exempt benefits, then in existence, created by specific acts of the General Assembly, including § 8104, and (3) the appellants' entitlement to such exemptions spring from, and are conditioned by, the terms of § 8104. The decision of the New Castle County Board of Assessment Review is reversed and this matter remanded for further proceedings consistent with this opinion.

IT IS SO ORDERED.

2. An additional consideration which suggests the viability of § 8104 is that, although it appears in Title 9 of the Delaware Code as affecting "Counties", by specific wording it also applies to "other political subdivision of this State" and thus, independently, limits the exercise of municipal taxation power.