**UNIVERSITY OF DELAWARE,**
Appellant.

v.

**NEW CASTLE COUNTY DEPARTMENT OF FINANCE and New Castle County Board of Assessment Review,**
Appellees.

C.A. No. 05A–06–009.

Superior Court of Delaware,
New Castle County.

Submitted: Dec. 12, 2005.
Decided: Feb. 1, 2006.

---

31. *Shields v. State,* 374 A.2d 816, 820 (Del.    1977).

William E. Manning, Richard A. Forsten, Jennifer M. Becnel–Guzzo, Klett Rooney Lieber & Schorling, P.C., Wilmington, DE, for Appellant University of Delaware.

Erika Schrader, Assistant County Attorney, New Castle County Law Department, New Castle, DE, for Appellees New Castle County Department of Finance and New Castle County Board of Assessment Review.

*OPINION*

BRADY, J.

*Procedural History*

This is an appeal from the New Castle County Board of Assessment Review (the "Board"). The issue is whether the County can preclude a tax exemption for certain properties owned by the University of Delaware (the "University") for the fiscal tax year running from July 1, 2004 through June 30, 2005. The Board determined that the County could preclude the tax exemption because the University did not file for the exemption in accordance with a deadline in New Castle County Code § 14.06.1103. For the reasons set forth herein, the decision of the Board is reversed.

*Facts*

The facts relating to this matter are undisputed. The University changed the use of certain properties (the "Properties") it owned from non-exempt to exempt use prior to July 1, 2004.[1] The University applied to the County for tax exemptions on the Properties in July of 2004. Exemption was granted for the Properties, but made effective July 1, 2005 because the University failed to submit the applications for exemption before the County-imposed deadline of December 31, 2003 as provided in New Castle County Code § 14.06.1103. The University could not have met the deadline with respect to three of the properties because it did not convert the properties to exempt use until after the December 31 deadline. The application deadline could have been met for one of the properties because it was being used for exempt purposes before the December 31 deadline.

The University appealed the County's decision to the Board contending that the County exceeded its authority by imposing

---

1. Parcel Nos. 18–025.00–263, 18–025.00–266,　　18–027.00–015, 18–032.00–082 respectively.

the application deadline to deny the University a tax exemption granted by state statute. The Board denied the University's appeal. The University appealed the decision of the Board to this Court pursuant to Del.Code Ann., tit. 9, § 8312(c) (1989). This is the Court's decision on appeal.

### Standard of Review

This Court must review an appeal of a Board decision within the parameters of Del.Code Ann., tit. 9, § 8312(c), which states:

> The decision of each board of assessment or department of finance shall be prima facie correct and the burden of proof shall be on the appellant to show that such body acted contrary to law, fraudulently, arbitrarily or capriciously.

The Court finds the Board has acted contrary to law.

### Background

The parties agree that the properties at issue were used for tax-exempt purposes for Fiscal–Year 2005.[2] The issue that remains to be decided is whether New Castle County has the authority to impose an application deadline in a manner that has the effect of negating the tax exemption rights conferred by Del.Code Ann., tit. 9, § 8105 (Supp.2004).[3]

This controversy arose from the County's implementation of the tax exemption power granted to it by an Amendment to Article VIII, § I of the Delaware Constitution. Previous to the Amendment, Article VIII, § I vested the tax exemption power in the General Assembly:

> [T]he General Assembly may by general laws exempt from taxation such property as in the opinion of the General Assembly will best promote the public welfare.[4]

Under the authority of the previous Article VIII § I, the General Assembly enacted the language of the current Del.Code Ann., tit. 9, § 8105 in substantial part in 1909.[5] The current language reads:

> Property belonging to ... any college or school and used for educational or school purposes, except as otherwise provided, *shall not be liable to taxation and assessment for public purposes by any county or other political subdivision of this State* ... (emphasis added)

The Amendment to Article VIII, § I of the State Constitution enacted in 1971[6] placed similar tax exemption authority in the counties:

> County Council of New Castle County and the Levy Court of Kent and Sussex Counties are hereby authorized to exempt from county taxation such property in their respective counties as in their opinions will best promote the public welfare.

Under the power granted to the counties under the Amendment to Article VIII, § I of the Delaware Constitution, New Castle County enacted Code § 14.06.1103, which requires that completed applications for the exemption of educational property be filed with the Assessment Division of the County Department of Land Use by December 31 of the fiscal year immediately preceding the fiscal year for which the

---

2.  *Appellant Brief,* 3–4; *Appellee Brief,* 2.

3.  The County, in its Answering Brief, also argues that the University has not filed an appeal of the annual assessment or sought abatement of the taxes for Fiscal–Year 2005. However, the Court need not reach these issues.

4.  Del. Const. of 1897, art. VIII, § 1.

5.  25 *Del. Laws,* c. 36 (1909).

6.  58 *Del. Laws,* c. 67 (1971).

exemption is sought. Section 14.06.1103 works in conjunction with New Castle County Code § 14.06.1101, which provides:

> Prior to the granting of any exemption under this Article, the owner of the property for which the exemption is sought must comply with procedures outlined in this Division, and failure to do so shall constitute a forfeiture of any claim to an exemption on such property for that fiscal year ...

The combined practical effect of the two New Castle County Code sections is that the University has been denied tax exemption status for a year in which the subject properties were indisputably used for tax-exempt purposes solely because it did not meet the County-imposed deadline.

It is the University's contention that the County is without the power to restrict a tax exemption by the imposition of an application deadline when the General Assembly created the tax exemption without any deadline in the statute.

The Board, on the other hand, contends that the county code is not in conflict with the state code regarding property tax exemption since the Amendment to Article VIII, § I of the Delaware Constitution expressly gave the County the power to determine tax-exempt properties and the application and deadline requirements are merely procedures to accomplish that end. The Board further argues that the County would be unable to balance its budget if it was prohibited from imposing the application deadline.

### Applicable Law

■ Statutes which exempt property devoted to educational purposes from taxation are, in general, construed more liberally than other tax-exempting statutes.[7] It is in this light the Court analyzes the instant dispute.

Delaware Courts have had occasion to deal with similar issues involving the tax exemption statutes [8] and the Amendment to Article VIII. Those cases are instructive here.

In *State v. New Castle County*,[9] the Superior Court determined the Amendment to Article VIII, § I of the Delaware Constitution did not give New Castle County the power to tax state owned land in contravention of Del.Code Ann. tit. 9, § 8103 which provided:

> Property belonging to this State, or the United States, or any county of this State ... shall not be liable to taxation and assessment for public purposes by any county or other political subdivision of this State.

■ This Court, in *New Castle County*, found that the amendment to Article VIII, § I of the Delaware Constitution left the property tax schemes set forth in Del.Code Ann. tit. 9, § 8001 *et seq.* unchanged. As the Court stated:

> This lends credence to the conclusion that the legislature intended merely a modification of tax exemption procedure, not a radical change in the substantive area of tax exemption.[10]

---

7. *Burris v. Tower Hill School Ass'n*, 179 A. 397 (Del.Super.1935) ("[S]tatutes exempting from taxation property devoted to educational purposes are in general construed more liberally than other exempting statutes ..."); *New Castle County Dep't of Land Use v. Univ. of Del.*, 842 A.2d 1201 (Del.2004) (holding school uses entitled to exemption from local property taxation included a portion of a university student union that was leased, at a nominal rent, to a bank for operation of an ATM machine to benefit the campus community).

8. Del.Code Ann. tit. 9, § 8001 *et seq.*

9. 340 A.2d 171 (Del.Super.Ct.1975).

10. *Id* at 174.

The Court went on to hold that without an express waiver of the state property exemption, the Amendment would not be construed as giving counties the power to repeal express rights given by the General Assembly.[11]

Similarly, in *Board of Assessment v. Silverbrook Cemetery Co.*[12] the Supreme Court upheld a Superior Court ruling that Article VIII, § I of the Delaware Constitution did not empower the New Castle County Council to repeal, by ordinance, property tax exemptions previously created by the General Assembly. In *Silverbrook*, three cemeteries claimed statutory tax exemptions pursuant to a state statute which provided burial lots and cemeteries shall not be liable to taxation and assessment for public purposes by any county or political subdivision of this State.[13] The Board of Assessment rejected the claims of the cemeteries, concluding that the tax status of the cemeteries was governed by county ordinance, not state statute, and determined that the cemeteries were disqualified for exemption because they were profit-making operations. The Superior Court reversed and the Supreme Court affirmed. The Supreme Court stated:

> Unquestionably, the 1971 Amendment of Art. VIII, s 1 delegated to the Counties prospectively, the exclusive authority to grant property tax exemptions, a power which had been theretofore exercised by the General Assembly. But there is no grant to the Counties anywhere in Art. VIII, s 1, expressed or implied of a retroactive power permitting repeal of prior acts of the General Assembly ...[14]

The Court noted that had the amendment been intended to grant such power, the drafters could have easily put such language in the amendment.[15] Other jurisdictions that have granted tax exemptions to certain property have provided for a deadline in the statute itself.[16] No deadline appears in Del.Code Ann. tit. 9, § 8105 or the Constitution.

■ ■ New Castle County may regulate the area of tax exemption. Article VIII expressly gives that right. However, when the county ordinance and the state statute conflict, the county ordinance must yield. The Delaware Supreme Court recently addressed a similar issue involving a state statute and municipal ordinance. In *Cantinca v. Fontana,*[17] the Supreme Court stated:

> In Delaware, the State and its political subdivisions are permitted to enact similar provisions and regulations, so long as the two regulations do not conflict. But "where a conflict exists between a state statute and a municipal ordinance, the statute must always prevail."[18]

In this case, New Castle County has not expressly repealed the University's right to a tax exemption as was done in *New Castle County* and *Silverbrook*. However, the effect of the December 31 deadline for filing an exemption application has had the same result. The County has abrogated the right to a tax exemption provided by state statute.

11. *Id.*

12. 378 A.2d 619 (Del.1977).

13. Del.Code Ann. tit. 9, § 8104.

14. *Silverbrook,* 378 A.2d at 621.

15. *Id* at 622.

16. N.J. Stat. Ann. § 54:4–4.4 (2002); Neb. Rev.Stat. § 77–202.01 (2000); N.H.Rev.Stat. Ann. § 72:33 (2005).

17. 884 A.2d 468 (Del.2005).

18. *Id* at 473.

The Court understands the need for the County to have an application process for the purpose of determining which properties are exempt and which are not and to bring enforcement against those properties which must be brought into compliance. The County argues that the deadline is necessary in order to properly project and manage the County budget and without such a deadline, the County would be unable to prepare a balanced budget as required by Del.Code Ann. tit. 9, § 1131 *et seq.* (1989). The Court is not persuaded by this argument. Additionally, this argument is undermined by § 14.06.1105 of the New Castle County Code, which allows buyers of non-exempt property to apply for an exemption within 30 days after the purchase of the property if the use of the property will be changed to exempt.

Other states that have addressed similar situations as that presented in the case at bar have also ruled that when no deadline is contained in the tax exemption statute, an inferior body cannot impose a deadline resulting in a forfeiture of the rights expressly conferred in the state statute. In *Methodist Hospitals of Memphis v. Assessment Appeals Commission,*[19] the Tennessee Court of Appeals ruled that the Board of Equalization could not impose a deadline for exemption applications when no intent was found in the controlling stat-

ute for such a deadline.[20] In *Tec America v. DeKalb County*[21] the Georgia Court of Appeals held that an "office procedure" implemented by the county board of tax assessors that had the effect of forfeiting an entire inventory tax exemption expressly given by statute was invalid because:

> [T]here·was no State statutory provision specifying that the exemption from taxation which had otherwise been granted to inventories was conditioned upon the taxpayer's timely filing of an application . . .[22]

Similarly, New Castle County, as an inferior body, cannot impose a deadline resulting in a forfeiture of the rights expressly conferred in a state statute.

### Conclusion

For the reasons set forth herein the decision of the Board of Assessment Appeals is **REVERSED**. This matter is remanded to the Board for further proceedings consistent with this opinion.

**IT IS SO ORDERED.**

---

19. 669 S.W.2d 305 (Tenn.1984).

20. *Id* at 308; *Appellant Brief* 11–12.

21. 170 Ga.App. 533, 317 S.E.2d 637 (1984).

22. *Id* at 638.